## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **VERSATILE MARINE SERVICES, INC.** | § | |
| | § | |
| **VS.** | § | **NO. 1:16-cv-_____** |
| | § | |
| **The Drilling Vessels currently or** | § | |
| **formerly known as ARCHIMEDES,** | § | |
| **DOLPHIN 106, and DOLPHIN 109, THEIR** | § | |
| **ENGINES, MACHINERY, TACKLE,** | § | |
| **APPURTENANCES, APPAREL, ETC. and** | § | |
| **THOSE AT INTEREST THEREIN** *in rem*, | § | |
| **and BRO-TEX INTERNATIONAL** | § | FED. R. CIV. P 9(h), Admiralty |
| **METALS, LLC,** *in personam* | § | |

### PLAINTIFF'S VERIFIED COMPLAINT

TO THE HONORABLE DISTRICT COURT:

COMES Plaintiff Versatile Marine Services, Inc. and, pursuant to Federal Supplemental Admiralty and Maritime Rule C, brings this action against the drilling vessels currently or formerly known as the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109, their engines, machinery, tackles, appurtenances, apparel, etc., *in rem*, and further brings this action against Defendant BRO-TEX INTERNATIONAL METALS, LLC ("Bro-Tex"), *in personam*, as follows:

### I. Jurisdiction and Venue

1.      This case is within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is proper because the Vessels are located in this District and Division, and a substantial portion of the work in question was performed here.

## II. **Parties**

3.     Plaintiff is a Texas corporation, and is a marine services contractor which operates a dock and shipyard within this District and Division.

4.     The ARCHIMEDES is a movable offshore drilling rig which is presently within this District and Division and therefore is subject to the jurisdiction of this Court. The Vessel is currently moored on navigable waters adjacent to Plaintiff's facility at 5230 S. 1st Avenue, Sabine Pass, Texas 77655.

5.     The DOLPHIN 106 is a movable offshore drilling rig which is presently within this District and Division and therefore is subject to the jurisdiction of this Court. The Vessel is currently moored on navigable waters adjacent to Plaintiff's facility at 5230 S. 1st Avenue, Sabine Pass, Texas 77655.

6.     The DOLPHIN 109 is a movable offshore drilling rig which is presently within this District and Division and therefore is subject to the jurisdiction of this Court. The Vessel is currently moored on navigable waters adjacent to Plaintiff's facility at 5230 S. 1st Avenue, Sabine Pass, Texas 77655.

7.     Upon information and belief, Defendant Bro-Tex International Metals, LLC is the owner, operator, manager and/or party at interest in the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109 ("the Vessels").  Bro-Tex is a Texas limited liability corporation, which may be served through Diana Zendejas, its registered agent, at 4690 Main Street, Brownsville, Texas 78521.

8.     Versatile brings this action pursuant to Supplemental Rule C asking for arrest of the Vessels.

1203269.2/SPH/24935/0100/021616

### III.  Factual Background

9.     In June 2015, Versatile and Bro-Tex entered into an agreement for Versatile to provide a facility and services to temporarily moor the vessels, so they could be made ready for scrapping.  Pursuant to the agreement, Versatile agreed to provide berthing and security services to the Vessels at Versatile's facility in Sabine Pass, Texas.  Versatile agreed to provide such services pursuant to Bro-Tex's agreement to pay for such services for $1,300 per day, payable monthly and in advance.  A true copy of the agreement is attached as Exhibit A.

10.     Versatile provided the requested and agreed to services to the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109.  However, Bro-Tex has not paid for all of such services despite its agreement to do so.

### IV.  Rule C, *in rem*

11.     Versatile repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

12.     Versatile provided services to the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109.  To date, Bro-Tex, as owner and/or operator of the Vessels, has not paid for such services despite an agreement to do so, and despite demands for payment.

13.     Versatile has suffered damages and losses, holds a maritime lien for necessaries against the Vessels in the amount of at least $214,632.43, exclusive of interest, costs, and attorneys' fees.

### V.  Breach of Contract, *in personam*, against Bro-Tex

14.     Versatile repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

1203269.2/SPH/24935/0100/021616

15.     Versatile provided services to the Vessels under an agreement with Bro-Tex for such provision.   In addition, Bro-Tex employees or agents damaged a water line, causing an excess water bill, for which Bro-Tex is liable under the agreement.   To date, Bro-Tex is obligated to pay at least $214,632.43, exclusive of interest, costs, and attorneys' fees, for these services, but has refused to make payment as agreed.

## VI. **Breach of Contract, _in personam_, against Bro-Tex**

16.     Versatile repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

17.     Versatile provided services and for the benefit of Bro-Tex, including those provided to the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109.  Bro-Tex benefited from said services and had reasonable notice from Versatile that Versatile was providing such and expecting compensation in return.   The agreed and/or fair and reasonable value and benefit for the unpaid services totals at least $214,632.43.

## VII. **Quantum Meruit, _in personam_, against Bro-Tex**

18.     Versatile repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

19.     Versatile provided services, work, materials, and equipment to and for the benefit of Bro-Tex, including those provided to the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109.  Bro-Tex benefited from said services and had reasonable notice from Versatile that Versatile was providing such and expecting compensation in return.   The agreed and/or fair and reasonable value and benefit for the unpaid services totals at least $214,632.43.

1203269.2/SPH/24935/0100/021616

## VIII.  Rule C

20.     Pursuant to Supplemental Rule E(5)(a), Versatile requests that the Court fix the principal amount of the bond or other security to obtain the Vessels release at an amount sufficient to cover the amount of Versatile's claim with accrued interest and costs and further requests that the Court require that the bond or other security be conditioned for the maximum permitted by Rule E(5), which permits security up to twice the amount of Versatile's claim.

## IX.  Damages to Property

21.     As indicated in Paragraph 15 above, Bro-Tex damaged a water line on the property.  Pursuant to the contract, Bro-Tex is liable for the cost to repair that damage.

## X.  Conclusion and Prayer

22.     Versatile is entitled under Rule C to arrest the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109, which are subject to a maritime lien for services provided by Versatile and that remain due and owing.

23.     No waiver is intended of any rights or remedies Versatile may have under any agreement among the parties or by law, which rights and remedies are specifically reserved.

WHEREFORE Defendant and Plaintiff Versatile Marine Services, Inc. prays that the honorable Court:

(1) Issue Warrants of Arrest for the ARCHIMEDES, DOLPHIN 106, and DOLPHIN 109, commanding the United States Marshal to arrest the Vessels and take them into custody;

(2) Order the Vessels to be condemned and sold to pay the costs of *custodia legis* and damages owed to Versatile;

- 5 -

(3) Enter judgment in favor of Versatile on its claims against Bro-Tex in their entirety and award damages to Versatile in the amount of at least $214,632.43, plus pre-judgment interest, costs and fees; and

(4) Render such other, further relief as may be just in the premises.

Respectfully submitted,

By:   /s/ F. William Mahley
**F. WILLIAM MAHLEY**
Texas Bar No. 12836740
STRASBURGER & PRICE, LLP
1401 McKinney Street, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
bill.mahley@strasburger.com

**ATTORNEYS FOR VERSATILE MARINE SERVICES, INC.**

**OF COUNSEL:**
**STRASBURGER & PRICE, LLP**
**KIP BRAR**
Texas Bar No. 24067333
kip.brar@strasburger.com

## VERIFICATION

I, Brandon Hill, declare and state:

That I am President of Versatile Marine Services, Inc., Plaintiff in the above-styled action.  I am authorized on behalf of Versatile Marine Services, Inc. to make this statement for and on its behalf, and I make this statement for that reason.

I am over the age of 18 and I am competent to make and swear to the statements made herein.  I have personal knowledge of the facts herein stated, and such facts are true and correct and are based on my personal knowledge.

I verify under solemn affirmation that the facts alleged in Versatile Marine Services, Inc.'s Verified Complaint are true and correct to the best of my knowledge and information based upon the records of Versatile Marine Services, Inc., except as to any matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The sources of my information are the business records and documents of Versatile Marine Services, Inc., as well as my own involvement and communication with Defendant Bro-Tex International Metals, LLC, and my efforts to collect the debt owed.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on the _16_ day of February 2016.

VERSATILE MARINE SERVICES, INC.

_____
Brandon Hill
Title: President

SUBSCRIBED AND SWORN TO before me on this _16th_ day of February 2016, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC in and for the
State of Texas



LEANNA HARTMANN
Notary Public, State of Texas
Notary ID# 13001486-6
My Commission Expires
November 04, 2018